# UNITED STATES

*v.*

# BALBAS.

San Juan, Criminal, No. 673.

### AS TO STENOGRAPHER OF DISTRICT ATTORNEY.

Stenographer—Power of the Court.
1. While the Jones Act authorizes the court to appoint an official stenographer, no salary has been fixed, and the Department of Justice provides the district attorney with a special stenographer for criminal cases. There might be instances in which the court would compel this special stenographer to supply notes taken in a criminal case.

Record on Appeal—Bill of Exceptions.
2. The record of pleadings for appeal or other review is made up by the clerk, and not controlled by the judge. The bill of exceptions embraces all other rulings of the court, rulings upon evidence and the changes excepted to. When the bill of exceptions is signed the court has no right to change it without the consent of both parties.

United States v. Balbas.

Bill of Exceptions—Establishment.

> 3. If a bill of exceptions is not signed there is none, unless the party aggrieved establishes a bill to the satisfaction of the upper court. Tendering a bill and having it approved, however, waives any such right.

Opinion filed February 27, 1918.

Mr. *Miles M. Martin* for plaintiff.

Mr. *H. G. Molina* for defendant.

HAMILTON Judge, delivered the following opinion:

This case comes up on a motion of the defendant to have the stenographer for the district attorney directed to supply a copy of the notes she took of the charge of the court to the jury, and to make affidavit to their correctness. The proposition is resisted by the district attorney.

1. There seems to be two questions involved in this motion,— the one, as to the power of the court over the stenographer of the district attorney; and the other, as to the power of the court to take further steps at this time as to the charge of court incorporated in the bill of exceptions already signed.

The Jones Act provides that there shall be a court stenographer, and that his salary shall be fixed by the Attorney General of the United States, Act March 2, 1917, § 46. The court earnestly tried to have this provision carried out, but for reasons which seemed proper to the Department of Justice that department refused to fix a salary. The court appointed A. J. Harvey court stenographer, and also a per diem for his services,

United States v. Balbas.

to be paid by the litigants desiring his attendance. This has practically resulted in there being no official stenographer for criminal cases, in as much as the government has supplied the district attorney with a stenographer, and it is understood that she takes notes for him. In the case at bar she so acted, and the official stenographer was not present in the court. There is no reason why the defendant should not have had the attendance of the official stenographer, or of any other stenographer, but he did not do so.

It is possible that the court, under its power over officers and over witnesses, could in a property case compel the stenographer to furnish a copy of her notes, but this could only be in some case before the court. There she could be used as a witness, or possibly her notes certified instead of her oral testimony. The question at present is whether there is any case before the court.

2. The practice may not be entirely uniform throughout the United States in regard to what goes to the upper court upon an appeal or writ of error. The subject is to some extent governed by rules of court, as by rule of the circuit court of appeals of the first circuit. Nevertheless it is conceived that the general practice is much the same over the Union, and that it consists in the clerk's certifying the pleadings, process, judgment, and such orders of court, this constituting what is known as the record. This record is not seen by the presiding judge of the court unless some special question comes up, and consists of the whole of the proceedings of the character above mentioned, unless a rule of court or agreement of counsel limits it in some way. This is not submitted to the judge of the court, and is not usually passed on by him in any way. The time for filing the transcript, which embraces this record, in the circuit court of ap-

peals, has been extended by the court in this case, and has not yet expired.

The other part of the transcript which goes up to the appellate court is the bill of exceptions, and in that is embraced all rulings of the court except upon the pleadings and the judgment, and thus embraces the court's rulings upon evidence that may be offered and admitted or refused, and to charges given to the jury against the objection of either side, such action of the court being made a part of the record on exceptions taken by one party or the other. If no exception is taken, the action of the court does not go into the bill of exceptions, unless the court makes a special order where it deems such action will explain some other part of the record which is appealed from. The time for filing the bill of exceptions in this case expired February 15, and before that time a bill was tendered and refused, and upon certain changes being made, as suggested by the court, the bill was retendered and signed and is now on file. The court conceives that it has no right to change this bill of exceptions one way or the other after February 15, unless, perhaps, in case the counsel on both sides should agree in requesting some change. In the case at bar the counsel for the government opposes any change, and the government stands upon whatever rights it has in the premises.

3. The present motion seeks to get before the court of appeals a version of the court's charge which the court has already decided is incorrect, and it cannot be considered in any other light than an attempt to change the bill of exceptions, for that embraces the charge of the court as the court has decided it was given. If counsel and court differ as to what happened on any point, whether ruling on evidence, exception, or anything else

United States v. Balbas.

excepted to, and the court refuses to sign the bill of exceptions as tendered, the result is that there is no bill of exceptions, and in such case the remedy for the party deeming himself aggrieved is to do what is called establishing a bill of exceptions. The procedure need not be detailed, but in principle it is bringing before the superior court proof that the bill of exceptions as desired by the party in question is so-and-so, although disapproved by the court. The proof would be by affidavit or depositions. If the upper court deems that the proposed bill has been established, it will proceed thereon just the same as if it had been allowed by the court below. In the case at bar whatever difference there was upon the subject must be considered as waived by the defendant's tendering a bill of exceptions in the new form which has been actually allowed and is on file. It is impossible for there to be two bills of exceptions in one case, and the parties do not agree that the court should make any change in the one on file. The result, therefore, is that the motion, which looks towards changing the bill on file, comes too late. Whether it could have been granted after allowance of the bill, and before the 15th of February, need not be decided; it is made after the allowance of the bill of exceptions and after the date of February 15. Whether what is sought is material to the case, or whether the defendant has not already practically the benefit of what he seeks in the original charge, which is incorporated in the record by order of court, also need not be considered. All that is decided is that the application made by this motion now comes too late, and it therefore must be denied.

And it is so ordered.